UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 10059

| | |
|---|---|
| LISA LEE, Plaintiff, - against - AIR CANADA and JOHN DOE, True Name Unknown, Defendants. | Case No.: JUDGE SCHEINDLIN **NOTICE OF REMOVAL** |

RECEIVED DEC 22 2014 U.S.D.C. S.D. N.Y.

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant Air Canada by and through its attorneys Clyde & Co US LLP, files its Notice of Removal to this Court of an action pending against it in the Supreme Court of the State of New York, County of New York. Removal is based on the following grounds:

1. This action was commenced against defendant in the Supreme Court of the State of New York, County of New York, by filing of a Summons and Verified Complaint on October 31, 2014. A copy of the Summons and Verified Complaint is annexed hereto as Exhibit "A." The Summons and Verified Complaint were served on defendant on December 10, 2014. No further proceedings have been held in this action.

2. Plaintiff seeks to recover for alleged injuries sustained on or about May 13, 2013 during international carriage on Air Canada Flight AC703 from New York to Toronto, Canada pursuant to a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 876 U.N.T.S.

11 (1934), *reprinted in* 49 U.S.C. § 40105 note (1994) (the "Warsaw Convention"). *See* Exhibit A, ¶¶ 4-6.

3. Removal is proper because this Court has original jurisdiction based on the existence of a federal question pursuant to 28 U.S.C. § 1331. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Warsaw Convention as well as within the meaning of a treaty of the United States superseding the Warsaw Convention, known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (the "Montreal Convention"). *See* Warsaw/Montreal Convention, Art. 1; Exhibit A, ¶¶ 4-6, 13.

4. Because the carriage involved was "international" as defined in Article 1 of the Warsaw/Montreal Convention, the Convention exclusively governs the rights and liabilities of the parties to this action. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999); *Ginsberg v. American Airlines*, No. 09-3226 (LTS), 2010 WL 3958843 (S.D.N.Y. Sep. 27, 2010); *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 488 (S.D.N.Y. 2009); *Booker v. BWIA West Indies Airways, Ltd.*, No. 06-CV-2146 (RER), 2007 WL 1351927, at * 2-3 (E.D.N.Y. May 8, 2007), *aff'd,* 307 F. App'x 491 (2d Cir. 2009). Accordingly, the underlying action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1331 as the action arises under a treaty of the United States, the Warsaw or Montreal Convention.

5. This Notice of Removal is being filed within 30 days of service of the Summons and Verified Complaint by plaintiff.

6. Air Canada, therefore, is entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

7. Concurrently with the filing of this Notice, Air Canada is giving notice of removal to plaintiff, and is filing a copy of this Notice with the Clerk of Court of the Supreme Court of the State of New York, County of New York. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "B."

WHEREFORE, defendant Air Canada respectfully requests that this action be removed to this Court.

Dated: New York, New York
December 22, 2014

CLYDE & CO US LLP

By: ______________________
Andrew J. Harakas
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 710-3900
Attorneys for Defendant
Air Canada

To: David P. Kownacki, Esq.
David P. Kownacki, P.C.
420 Lexington Avenue, Suite 2031
New York, New York 10170
(212) 557-4190
Attorneys for Plaintiff
Lisa Lee

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

LISA LEE,

Plaintiff,

-against-

AIR CANADA and JOE DOE, True Name Unknown,

Defendants.

---------------------------------------------------------------X

Date Filed: 10/31/14

Index No. 160809/14

**SUMMONS**

Plaintiff designates New York County as the place of Trial.
The basis of the venue is the place of residence of the plaintiff, 220 West 71st Street, New York, New York.

**TO: THE ABOVE NAMED DEFENDANTS**

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiffs' attorney within twenty (20) days after the service of this summons, exclusive of the date of service (or within thirty days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Defendants' Address:

1. AIR CANADA, 125 Park Avenue, New York, New York 10017;
2. JOE DOE, true name unknown, c/o AIR CANADA, 125 Park Avenue, New York, New York 10017.

Dated: New York, New York
October 31, 2014

Yours, etc.,

David P. Kownacki, Esq.
**DAVID P. KOWNACKI, P.C.**
*Attorneys for Plaintiff*
420 Lexington Avenue, Suite 2031
New York, New York 10170
(212) 557-4190

The object of this action is to recover for personal injuries resulting from negligence. The relief sought has a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

LISA LEE,

Plaintiff,

-against-

AIR CANADA and JOE DOE, True Name Unknown,

Defendants.

---------------------------------------------------------------X

Date Filed:

Index No. 160809/14

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, David P. Kownacki, P.C., complaining of the defendants herein, respectfully alleges and sets forth as follows:

**AS AND FOR A FIRST CAUSE OF ACTION**

1. Plaintiff is a resident of the County of New York, State of New York.

2. That at all times hereinafter mentioned, Air Canada was a domestic corporation duly organized and licensed to do business in the State of New York.

3. That at all times hereinafter mentioned, defendant Air Canada was a foreign corporation maintaining an office in the County and State of New York, qualified and conducting substantial business in the State of New York.

4. This action arises under the provisions of the Convention for the Unification of certain Rules Relating to International Carriage, 49 Stat., Part II, p. 3000, 2 Bevans 983, 137 L.N.T.S. 11 (Warsaw Convention).

5. That at all times hereinafter mentioned, defendant Air Canada was and is a common carrier engaged in the business of transporting passengers for hire by air, by and through its servants, agents, employees and as such it owned, operated, maintained, managed and controlled a certain aircraft (subject aircraft), which was operated as Air Canada, Flight AC703,

on May 13, 2013, from New York's LaGuardia Airport to Toronto, Canada (subject flight).

6. That on or about May 13, 2013, plaintiff was a fare paying passenger on board the subject flight engaged in international transportation pursuant to a ticket that provided for travel from New York to Toronto, Canada, on to Montreal and back to New York.

7. That while a seated passenger on the subject flight, as it prepared for takeoff, plaintiff was seriously injured when a fellow passenger, John Doe, true name unknown, caused a piece of luggage to fall from the overhead luggage bin and strike plaintiff's head, neck and upper body.

8. That at all times hereinafter mentioned, and on May 13, 2013, said occurrence on board the subject flight constituted an accident or unexpected unusual event to plaintiff, external to plaintiff, under the applicable provisions of the Warsaw Convention.

9. That at all times hereinafter mentioned, and on or about May 13, 2013, the actions and/or inaction of defendant Air Canada, caused and created the accident and resulting in serious and permanent physical and emotional injuries to plaintiff, which has also caused her to expend and will continue to cause her to expend substantial sums for medical care and treatment; plaintiff has suffered and will continue to suffer loss of income and loss of the ability to perform her job properly; and plaintiff has sustained and will continue to sustain severe pain, suffering, physical and mental limitations and other compensable injuries.

10. That this action falls within one or more of the exceptions set forth in CPLR § 1600-1603.

11. That by reason of the foregoing plaintiff has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would

otherwise have jurisdiction in this matter.

**AS AND FOR A SECOND CAUSE OF ACTION**

12. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "11" of this Complaint as though fully set forth at length herein.

13. Pursuant to Article 17 of the Warsaw Convention as modified by the Montreal Agreement of 1966, defendant is liable for death, wounding or other bodily injuries sustained by each of its passengers in international travel up to the sum of $75,000.

14. Prior to May 13, 2013, defendant Air Canada signed and entered into two contracts sponsored and promoted by the International Air Transport Association (IATA), the trade association of international airlines, of which the defendant was a member.

15. Prior to May 13, 2013, defendant Air Canada signed and entered into a contract sponsored and promoted by the Air Transport Association (ATA), the trade association of International airlines, of which the defendant was a member.

16. Prior to May 13, 2013, defendant Air Canada signed and entered into the contract known as the IATA Intercarrier Agreement (IIA).

17. Prior to May 13, 2013, defendant Air Canada entered into a contract known as the Agreement on Measures to Impalement the Interim Agreement IIA (MIA).

18. Prior to May 13, 2013, defendant Air Canada entered into an agreement known as the Provisions Implementing the IATA Intercarrier Agreement to be included in Conditions of Carriage and Tariffs (IPA).

19. That at all times hereinafter mentioned, including May 13, 2013, under the terms of the IIA, MIA and IPA agreements taken separately and together, defendant Air Canada and all

other airlines signing the agreements, agreed to absolutely waive all limits of damages up to 100,000 Special Drawing Rights (SDR) (approximately $154,246.72 U.S. Dollars) and to waive all limits providing plaintiff with full compensation and recovery for damages unless the defendant carrier proves it has taken all necessary measures to avoid the damage and injury.

20. That at all times hereinafter mentioned, including May 13, 2013, the IIA, MIA and IPA became special contracts between plaintiff and defendant Air Canada, upon plaintiff contracting with Air Canada.

21. That at all times hereinafter mentioned, including May 13, 2013, the IIA, MIA and IPA agreements were legal and binding contracts to which plaintiff became a third party beneficiary when she contracted with defendant Air Canada.

22. Defendant Air Canada did not take all necessary measures to avoid the injuries to plaintiff.

23. As a result of the foregoing, defendant Air Canada is liable to pay plaintiff full, fair and reasonable compensation for the damages she sustained, including her serious and permanent physical and emotional injuries; the substantial sums she has expended and will continue to expend for medical care and treatment; the loss of income she has suffered and will continue to suffer; and the severe pain, suffering, physical limitation and other compensable injuries she has sustained and will continue to sustain.

24. That by reason of the foregoing plaintiff has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

**WHEREFORE**, plaintiff Lisa Lee demands judgment against defendant Air Canada on

the First and Second causes of action in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

Dated: New York, New York
October 31, 2014

Yours, etc.,

David P. Kownacki, Esq.
**DAVID P. KOWNACKI, P.C.**
*Attorneys for Plaintiff*
420 Lexington Avenue, Suite 2031
New York, New York 10170
(212) 557-4190

Z:\H to NI.ec. Lisa\complaint.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

LISA LEE,

Plaintiff,

-against-

AIR CANADA and JOE DOE, true name unknown,

Defendants.

---------------------------------------------------------------X

Index No. 160809/14

**VERIFICATION**

STATE OF NEW YORK )
ss:
COUNTY OF NEW YORK )

LISA LEE, being duly sworn, deposes and says:

I am the plaintiff in the within action. I have read the foregoing **COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters we believe them to be true.

______________________
LISA LEE

On the 31st day of October, 2014, before me personally came and appeared LISA LEE, to me known and known to me to be the individual that executed the foregoing instrument, and who duly acknowledged to me the execution of same.

______________________
Notary Public

CARMEN V HERNANDEZ
Notary Public, State of New York
No. 01HE6251020
Qualified in New York County
Commission Expires Nov. 21, 2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LISA LEE

Plaintiff/Petitioner,

- against -

Index No. 160809/14

AIR CANADA and JOE DOE, True Name Unknown,

Defendant/Respondent.

## NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 10/31/2014

(Signature)
DAVID P. KOWNACKI (Name)
DAVID P. KOWNACKI, P.C. (Firm Name)

420 Lexington Avenue, Suite 2031 (Address)
New York, New York 10170
212-557-4190 (Phone)
dpk@ix.netcom.com (E-Mail)

To: AIR CANADA

JOE DOE, True Name ~~Unknown~~

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK Index No. 160809/14

LISA LEE,

Plaintiff,

-against-

AIR CANADA and JOE DOE, True Name Unknown,

Defendants.

---

SUMMONS and VERIFIED COMPLAINT

---

Law Offices of
DAVID P. KOWNACKI, P.C.
*Attorney for Plaintiff*
*Office and Post Office Address*
420 Lexington Avenue
Suite 2031
New York, New York 10170
Telephone (212) 557-4190

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| LISA LEE,<br><br>Plaintiff,<br><br>-against-<br><br>AIR CANADA and JOHN DOE, True Name Unknown,<br><br>Defendants. | Index No.: 160809/14<br><br>**NOTICE OF FILING NOTICE OF REMOVAL** |

**NOTICE OF FILING NOTICE OF REMOVAL**

S I R S:

PLEASE TAKE NOTICE that a Notice of Removal, a copy of which is attached hereto as Exhibit "A," has been filed by defendant Air Canada with the Office of the Clerk of the United States District Court for the Southern District of New York.

Dated: New York, New York
December 22, 2014

CLYDE & CO US LLP

By: ______________________
Andrew J. Harakas
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 710-3900
Attorneys for Defendant
Air Canada

To: David P. Kownacki, Esq.
David P. Kownacki, P.C.
420 Lexington Avenue, Suite 2031
New York, New York 10170
(212) 557-4190
Attorneys for Plaintiff
Lisa Lee