

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: 212 710 3900
Facsimile: 212 710 3950
www.clydeco.us
andrew.harakas@clydeco.us

October 9, 2015

*VIA ECF*

Hon. Sidney H. Stein
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  Lisa Lee v. Air Canada
     Case No.: 1:14-cv-10059-SHS
     Clyde Ref: 1434036

Dear Judge Stein:

We represent defendant Air Canada in the above-referenced action.  We write in response to Plaintiff's counsel's letter dated October 6, 2015 requesting a conference to allow Plaintiff's counsel or a stenographer to be present during Plaintiff's independent medical examinations with Dr. Samuel Rapoport (scheduled for October 13, 2015) and Jane Martin, Ph.D (scheduled for November 5, 2015).  We request that neither Plaintiff's counsel nor a stenographer be allowed to attend either medical examination as it would impede the examinations, and Plaintiff has not shown any reason or "good cause" for the attendance pursuant to Fed. R. Civ. P. 26(c).

Prior to commencing this action, Plaintiff's counsel referred Plaintiff to Dr. Mary R. Hibbard for a neuropsychological evaluation.  As noted in Dr. Hibbard's evaluation, "Ms. Lee is aware that she had been sent by her lawyer to undergo a neuropsychological evaluation secondary to the accident of 5/13/13."  Dr. Hibbard's neuropsychological evaluation of Plaintiff took place over the course of three days – May 13-14, 2014 and May 22, 2014 – and totaled nine hours of in-person assessment – one three-hour clinical interview session and two subsequent three-hour formal cognitive testing sessions.  Dr. Hibbard issued a 25-page report finding that Plaintiff's "TBI (Traumatic Brain Injury) related physical cognitive and emotional deficits as identified in this report are considered permanent" and providing ten rehabilitation recommendations for Plaintiff's future medical treatment and work accommodations.

We have retained Dr. Martin to conduct a similar neuropsychological evaluation of Plaintiff in order to assess and opine as to Plaintiff's neuropsychological condition.  Dr. Martin requires a six-hour evaluation of Plaintiff.  Plaintiff's counsel has been informed that Dr. Martin has been



Hon. Sidney H. Stein
October 9, 2015
Page 2

retained to perform a neuropsychological evaluation of Plaintiff and has not requested further details regarding the evaluation.

Plaintiff's counsel contacted Dr. Martin and Dr. Rapoport without our knowledge. After speaking with Plaintiff's counsel, both Dr. Martin and Dr. Rapoport have indicated to us their objection to having a third party present in the room during their examinations as it would impede and interfere with their objective examinations of Plaintiff. We understand that Dr. Martin also personally informed Plaintiff's counsel that she does not want counsel present during the neuropsychological evaluation. We will request that the doctors provide declarations if the Court so requires.

We further have concerns with Plaintiff's counsel's presence at either IME based on his past conduct during Plaintiff's deposition. In particular, Plaintiff's counsel repeatedly coached Plaintiff and consistently interrupted our questioning of Plaintiff without any valid basis. Accordingly, we are concerned that Plaintiff's counsel will similarly interfere with Dr. Rapoport's and Dr. Martin's examinations which would impede a proper examination and unfairly prejudice Air Canada.

As noted in *Reyes v. City of New York,* 2000 WL 1528239, at *3 (S.D.N.Y. Oct. 16, 2000), "the party seeking the attendance of a third party at the examination bears the burden of showing 'good cause' for such attendance pursuant to Rule 26(c)." *See also Steinsnyder v. v. United States,* No. 09-CV-5407 SJ, 2012 WL 694724, at *1 (E.D.N.Y. Mar. 1, 2012); *Brandenberg v. El Al Israel Airlines,* 75 F.R.D. 543, 546 (S.D.N.Y. 1978). Plaintiff's counsel fails to show "good cause" as to why a third party's attendance is required at either Dr. Rapoport's or Dr. Martin's independent medical examination.

For the foregoing reasons, we respectfully request that the Court deny Plaintiff's request that he and/or a stenographer be present during Plaintiff's independent medical examinations.

Moreover, despite Dr. Martin having proposed several dates prior to the October 26, 2015 fact discovery deadline for Plaintiff's neuropsychological evaluation, Plaintiff's counsel has rejected each proposed date and finally agreed upon a November 5, 2015 examination date. We respectfully request that the Court allow for Plaintiff's November 5, 2015 examination.

Respectfully yours,

Andrew J. Harakas
AJH/ps

cc:     *Via E-Mail/ECF*



Hon. Sidney H. Stein
October 9, 2015
Page 3

David P. Kownacki, Esq.
Law Offices of
David P. Kownacki, P.C.
420 Lexington Avenue
Suite 300
New York, New York 10170
Attorneys for Plaintiff
Lisa Lee